Hon. Basil A. Paterson Secretary of State
You have asked whether persons employed as "make-up artists" must obtain a license to engage in the practice of hairdressing and cosmetology as required by Article 27 of the General Business Law.
Make-up artists, as we understand it, are persons engaged by theaters, television stations, movie studios, photographers, and similar organizations to provide or assist in providing make-up to models, performers and others who will appear on stage, on television, in movies, in photographs or appear as models in boutiques and similar places. Make-up artists are paid for their work, but normally not by the person being made up. Make-up artists do not hold themselves out to the general public as cosmetologists or hairdressers serving the public for a fee.
Article 27 was enacted in 1946 (ch 802). The Legislature spelled out its purpose in requiring licensing of hairdressers and cosmetologists (§ 400). The need, the Legislature said, was "established and demonstrated by reason of the hazardous nature of the equipment, methods and materials employed in connection with work done in the beauty parlors of the state, * * * the frequent occurrence of both minor and serious accidents therein and the growing inability of proprietors thereof to procure insurance against liability for damages resulting from such accidents, * * *." The purpose, the Legislature continued, was "to safeguard and protect the lives, health and well-being of those persons who patronize the beauty parlors of our state by making adequate provision for the examination, licensing and regulation of the beauty parlors and the operators and technicians to whom such persons submit themselves for treatment."
The stated purpose is to regulate "beauty parlors" in order to protect people who "patronize" them. These are words applicable to the general public, not to actors, models, and others requiring special make-up in a private setting. Moreover, at the time of passage of Article 27, agencies and institutions using make-up artists existed throughout the State. Had the problem facing the Legislature been one of frequently occurring minor and serious accidents in theaters and movie and photography studios, the statement of need and purpose would have been focused on hairdressing and cosmetology as such rather than on the places patronized by the public. On its face, then, Article 27 appears to be limited in scope to the need and purpose set forth in section 400, a need and purpose not embracing make-up artists.
Even the otherwise all-inclusive statutory definition of the practice of hairdressing and cosmetology supports the exclusion of make-up artists from the sweep of the statute. The part of the definition that might catch the make-up artist is the phrase "to do any similar work to enhance the appearance of such person" (§ 401 [5]). But "such person" is a "female person" (ibid.). Make-up artists in theaters, studios, and the like, make-up or assist in the make-up of both men and women. This reinforces the conclusion that Article 27 is directed to "beauty parlors" as the Legislature and the public knew them in 1946. (In 1946 the Legislature also enacted Article 28 [ch 801] to license the practice of barbering, the all-inclusive definition of which includes "applying cosmetic preparations" to the face of "males only" [§ 431 (4) (d)].)
We conclude that make-up artists engaged by theaters, television, movie and photographic studios, and similar organizations to provide or assist in providing make-up to performers and models are not subject to licensing under section 402 of Article 27 of the General Business Law.